IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **DOMINGA BALDERAS,** | § | |
| **(Reg. No. 94697-479),** | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 4:21-CV-496-P |
| | § | |
| **WARDEN CARR,** | § | |
| **FMC Carswell, et al.,** | § | |
| | § | |
| Defendants. | § | |

**OPINION and ORDER OF PARTIAL DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/plaintiff Dominga Balderas's pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After reviewing the amended complaint and more definite statement, the Court concludes that Plaintiff's claims against one defendant must be dismissed, but that she may obtain service of her claims against the remaining defendants.

**BACKGROUND/PLAINTIFF'S PLEADINGS**

Balderas initiated this suit by filing a voluminous handwritten civil-rights complaint. Compl. 1-52, ECF No. 1. In response to a Court order informing Balderas that such claims brought by prisoners must be presented on the Court's civil-rights complaint form, Balderas completed a prisoner civil-rights complaint form as an amended complaint. Am. Compl. 1-6, ECF No. 8.[1] In the amended complaint, Balderas names as defendants FMC-

---

[1] As an amended complaint supersedes the original pleading, the Court reviews only the amended complaint. *See Clark v. Tarrant County*, 798 F.2d 736, 740 (5th Cir. 1986) (noting

Carswell Warden Carr, Assistant Warden Gonzales, and Mailroom Officers Dinkins, Wynn, and Bishop. Am. Compl. 3, ECF No. 8. In her statement of claim in the amended complaint, Balderas writes only that:

> * Legals mail opened illegally - not in presence/copied and read[,]
> * Mail being returned illegally without rejection forms,
> * Program Statement not being followed on incoming and outgoing mail[,]
> * Legal will NOT leave FMC-Carswell if you don't certify it.

Am. Compl. 4, ECF No. 5.

The Court then issued an order for more definite statement, directing plaintiff Balderas to provide answers to the Court's particular questions in a more definite statement. ECF No. 11. The Court asked ten questions, most with sub-parts. Order 1-4, ECF No. 11. Balderas then filed a voluminous handwritten more definite statement. ECF No. 12. The Court's order directed Balderas to "respond to the inquiries and questions by writing the answers in paragraphs numbered to correspond to the number of each inquiry or request." Order for MDS 4, ECF No. 11. In her more definite statement, it appears that she, for the most part, attempted to reply in the manner directed.

The Court's first three questions focused on seeking facts in support of Balderas's statement of claim in her amended complaint regarding inference with legal mail and regular mail. Order 2, ECF No. 11. Balderas's answers to Questions 1-3 are provided in pages 1-7, and she there alleges facts and asserts claims against Warden Carr, and Officers Dinkins and

---

that an amended complaint entirely supersedes and takes the place of an original pleading, rendering the original complaint of no legal effect); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (same).

Wynn. MDS 1-7, ECF No. 12. Later in the more definite statement, at the middle of page 17 through page 20, Balderas writes more particular and extensive allegations against Warden Carr and against Officers Dinkins and Wynn related to her claim that her First Amendment right was violated. *Id.* at 17-20. The Court finds that taken together, Balderas has set forth sufficient allegations to obtain service of these claims against these three defendnats.

The Court's Question 4 asked Balderas to provide additional facts about Warden Carr, and her response does so on pages 7-8. *Id.* at 7-8. Balderas also writes additional facts and allegations against Warden Carr related to her Eighth Amendment claim against him on pages 13 through the middle of page 17. *Id.* at 13-17. The Court also finds that these allegations are sufficient to state Eighth Amendment claims against Warden Carr such that Balderas can also obtain service of these claims.

The next question directed Balderas to state facts against Assistant Warden Gonzalez, and Balderas has done so. *Id.* at 8-10. Likewise, Balderas provides more particular factual allegations against Dinkins in pages 10-12. *Id.* at 10-12. Balderas is entitled to service of her claim against Assitant Warden Gonzales, and her additional allegations against Dinkins.

With regard to the Court's question for Balderas to state any particular facts against Mailroom Officer Bishop, however, she wrote only "Please see above pages all actions have been repeated, supported by each Defendant." *Id.* at 20. Although Balderas also listed Bishop with the other defendants in making a general claim about the conditions of her confinement, she did not otherwise provide any factual allegations unique to Officer Bishop. *Id.* at 20.

Balderas's claims for relief in this action include persons being fired "not just transferred [sic] and protected for all their abuses [and] 5 million." Am. Compl. 4, ECF No. 5.

**LEGAL STANDARD OF REVIEW UNDER § 1915A and § 1915(e)(2)(B)**

Plaintiff Balderas is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity, her pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Baldeas is proceeding *in forma pauperis*, her pleadings are also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state

4

a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### A.   Defendant – Mailroom Officer Bishop

As noted above, Balderas named as a defendant a mailroom officer identified as Mr. Bishop. Am. Compl. 3, ECF No. 8. Because plaintiff Balderas has sued officials with a federal prison, the court has construed her claims for monetary damages as asserting rights under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics ("Bivens")*, 403 U.S. 388, 297 (1971). *Bivens* provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement. *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir. 1999) (citations omitted). Although Balderas listed Mr. Bishop as a defendant in this case, she has provided no specifics of any action taken by Bishop in response to the Court's specific questions.  Thus, all claims against Bishop must be dismissed.

## SERVICE OF REMAINING CLAIMS

As noted above, Balderas has stated facts in support of claims against defendants Warden Carr, Assistant Warden Gonzales, and Officers Dinkins and Wynn in the amended complaint (ECF No. 8), and in several portions of her more definite statement (ECF No. 12), summarized above. Construed liberally, Balderas has alleged facts against Warden Carr,

5

Assistant Warden Gonzales, and against Officers Dinkins and Wynn that entitle her to service of her amended complaint and more definite statement on these defendants. Thus, the Court will allow service of Balderas's claims against Warden Carr, Assistant Warden Gonzales, Officer Dinkins, and Officer Wynn through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson*, 828 F. 2d. 1109-1110 (5th Cir. 1987). [2]

## CONCLUSION and ORDER

Based on the foregoing, it is therefore **ORDERED** that plaintiff Dominga Balderas's claims against defendant Officer Bishop are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **1st day** of **September, 2021.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[2] A separate order will issue regarding authorization for service of Balderas's claims against these four defendants.